**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUMINENCE, LLC, | Case No. 18-cv-0523 DMS (BLM) |
| Plaintiff, | **ORDER DENYING MOTION FOR CHANGE OF VENUE** |
| v. | |
| FLASHING PANDA, a sole proprietorship, and DANIEL ODULO, an individual, | |
| Defendants. | |

Pending before the Court is Defendants Flashing Panda and Daniel Odulo's motion for change of venue to the Northern District of California pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). Plaintiff Luminence, LLC filed an opposition, and Defendants did not file a reply. For the following reasons, the motion is denied.

**I.**

**BACKGROUND**

Plaintiff is a company located in La Jolla, California that creates and sells fiber optic light-up accessories, including fiber optic light attachments for hair sold under the Glowbys brand. (Compl. ¶¶ 2, 9.) Odulo is an individual residing in San Jose, California, who does business as Flashing Panda, a sole proprietorship located in Campbell, California. (*Id.* ¶¶ 3–4.) Defendants market and sell light-up novelty

items, including the Glowbys product. (*Id.* ¶ 16.) Plaintiff has supplied the Glowbys product to Defendants since 2009. (*Id.*)

Plaintiff alleges it owns the copyrights to a series of photographs of a model wearing the Glowbys product, which have been registered with the United States Copyright Office. (Compl. ¶¶ 11–14.) Plaintiff authorized Defendants to use these photographs for marketing and sale of the Glowbys product. (*Id.* ¶ 15.) Plaintiff claims it has never authorized Defendants to reproduce, distribute, display, or otherwise use the photographs in the marketing or sale of any other product. (*Id.*)

In October 2016, Plaintiff discovered Defendants selling a competing product on Amazon.com that used one of Plaintiff's copyrighted photographs on its packaging. (Compl. ¶¶ 16, 18.) In March 2017, Plaintiff also discovered that Defendant's listing for the competitive product used several of the copyrighted photographs for advertisement. (*Id.* ¶¶ 21–24.)

On March 12, 2018, Plaintiff filed a Complaint against Defendant alleging direct copyright infringement, in violation of 17 U.S.C. § 101 et seq. On April 11, 2018, Defendants filed an Answer, and subsequently, the present motion.

## II.
## DISCUSSION

**A. § 1406(a)**

Defendants request the Court to transfer the action pursuant to § 1406(a) on the ground that venue is improper. Section 1406(a) allows a court in a district with improper venue to dismiss the case, or in the interests of justice, transfer the case to any district in which it could have been brought. 28 U.S.C. § 1406(a). A defendant, however, must raise the venue objection in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3) or a responsive pleading; otherwise the defense is waived. Fed. R. Civ. P. 12(g)(2) & (h)(1). Here, Defendants did not file a Rule 12(b)(3) motion objecting to venue nor did they raise venue as an affirmative defense in the Answer. In fact, Defendants "admit[ted] venue is proper in this District[.]"

(Answer ¶ 8.) Accordingly, to the extent Defendants seek transfer of this case pursuant to § 1406(a), the motion is denied.

**B.    § 1404(a)**

Defendants also move to transfer venue under § 1404(a), arguing inconvenience of the parties and witnesses favor transfer. In deciding whether to transfer an action under § 1404(a), a court must make the following determinations: (1) whether the action "might have been brought" in the transferee court,[1] and (2) whether "convenience of the parties and witnesses in the interest of justice" favor transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). In making the second determination, a court may consider the following factors:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum,(4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). A plaintiff's choice of forum is ordinarily given "substantial weight[,]" *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (citations omitted), and is entitled to "greater deference" where, as here, "the plaintiff has chosen its 'home forum.'" *In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1078 (S.D. Cal. 2011) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981)). In arguing for transfer of venue, "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*,

---

[1] There is no dispute this action could have been filed in the Northern District of California, which is a prerequisite for transfer under section 1404(a). Therefore, the Court turns to the *Jones* factors to determine whether "convenience of the parties and witnesses in the interest of justice" favor transfer. 28 U.S.C. § 1404(a).

805 F.2d 834, 843 (9th Cir. 1986). The defendant, as the moving party, carries the burden of showing transfer is appropriate. *Cmty. Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

Here, Defendants argue it would be inconvenient and burdensome to litigate this case in this District because they reside in the Northern District, as well as their witnesses and relevant documents. Defendants, however, fail to identify any witnesses, their proposed testimony, or any reason why such witnesses would be unwilling to appear in this District. *See Fireman's Fund Ins. Co. v. National Bank for Cooperatives*, No. C 92–2667 BAC, 1993 WL 341274, *4 (N.D.Cal. Aug.27, 1993) ("The movant is obligated to clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included."); *Pinnacle Fitness & Recreation Mgmt., LLC v. Jerry & Vickie Moyes Family Tr.*, No. 08-CV-1368 W (POR), 2009 WL 10664872, at *9 (S.D. Cal. Sept. 8, 2009) ("Without proof of where the relevant witnesses reside, the testimony they will provide at trial, and that the witnesses are unwilling to travel to [the chosen forum]; [the defendant] has failed to demonstrate that this factor weighs in favor of transfer"). Moreover, while it might be inconvenient for Defendants to travel to this District, the Court must also weigh the inconvenience for Plaintiff to travel to the Northern District, given that Plaintiff is located in this District. *See Decker Coal*, 805 F.2d at 843 (stating transfer is inappropriate where it "would merely shift rather than eliminate the inconvenience."). In addition, "technological advances in document storage and retrieval mitigate the burdens of transporting documents, if any," from the Northern District to this District. *Chesapeake Climate Action Network v. Export–Import Bank of the United States*, No. 13–03532, 2013 WL 6057824, at *3 (N.D. Cal. Nov. 15, 2013). Defendants have shown only a marginal inconvenience, which is insufficient to upset Plaintiff's choice of forum. Because Defendants have not made a "strong showing" that this case should be transferred to the Northern District, the motion is denied.

## III.
## CONCLUSION

For the foregoing reasons, Defendants' motion for change of venue is denied.

**IT IS SO ORDERED.**

Dated: July 27, 2018

Hon. Dana M. Sabraw
United States District Judge